UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:96-CR-19-1-BR

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| FRANK EPHROM BALLARD | ) | |

This matter is before the court on defendant's 15 June 2010 *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range." U.S.S.G. § 1B1.10(a)(2)(B).

Here, defendant relies on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 706. Defendant was convicted of conspiracy to manufacture and possess with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. At defendant's sentencing in January 1997, the court adopted the presentence report finding regarding the drug quantity involved and defendant was held accountable for 5 kilograms, or 5,000 grams, of crack. Defendant's base offense level was determined by reference to U.S.S.G. § 2D1.1. At that time, the maximum base offense level (in cases not involving death or serious bodily injury) was 38 based on a quantity of 1.5 kilograms

or more of crack. See U.S.S.G. § 2D1.1(a),(c)(1) (2003). Because defendant was held accountable for an amount of crack exceeding 1.5 kilograms and with an adjustment for his role in the offense, the court determined defendant's total offense level was 40. With a criminal history category of I, the resulting guideline range was 292 to 365 months. The court sentenced defendant to 292 months imprisonment. On appeal, defendant specifically challenged the court's determination of drug quantity, and the Fourth Circuit Court of Appeals affirmed the sentence. United States v. Ballard, No. 97-4114 (Sept. 18, 1997).

With a quantity of 5 kilograms of crack, even with the amendment, defendant's base offense level remains 38. See U.S.S.G. § 2D1.1(a)(5), (c)(1) (2009). Accordingly, the amendment does not have the effect of lowering defendant's guideline range. See United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (per curiam) ("[T]he new amendment does not apply where more than 4.5 kilograms of crack is involved." (citation omitted)).

To the extent defendant relies on the Supreme Court's decisions in Booker, Kimbrough, and Apprendi, those decisions have no application in § 3582(c)(2) proceedings. United States v. Dunphy, 551 F.3d 247, 252, 255 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009). In addition to the extent defendant relies on United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the Court of Appeals for the Fourth Circuit has rejected its holding, Dunphy, 551 F.3d at 254.

The motion for a sentence reduction is DENIED.

This 2 August 2010.

                                                          W. Earl Britt
                                                          Senior U.S. District Judge